IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Donald. A. Dyer | * | |
|     Defendant | * | Criminal Docket No: 98-057 |
|     VS. | | Section "B"(2) |
| United States of America | * | |
|     Respondent, | | |
| | * | |

U.S. DISTRICT COURT
Eastern District of Louisiana

FILED   JAN 3 1 2013  WP

LORETTA G. WHYTE
Clerk

MOTION PURSUANT TO 18 U.S.C. § 3582(C)(2)
IN LIGHT OF AMENDMENTS (591), (741) UNDER
THE SUPREME COURTS HOLDING IN <u>FREEMAN V.U.S</u>
131 S. Ct. 2685 (2010).

Comes now, the defendant Donald.A.Dyer respectfully requests a modification of his term of imprisonment pursuant to 18 U.S.C.S. §3582(C)(2) in light of amendments (591), (741) under the Supreme Courts holding in <u>Freeman V. U.S.</u> 131 S.Ct. 2685 (2010). And good cause is shown below:

### RELEVANT CRIMINAL PROCEDURAL HISTORY

In 1998, Dyer pleaded guilty to conspiring to possess 100 Grams of Herion with intent to distribute, in violation of 21 U.S.C. §841 and 846, in the United States District Court for

1

the Eastern District of Louisiana. (This Honorable Court). The Court sentenced Dyer to 480 Months of imprisonment. On Appeal, the Fifth Circuit vacated Dyer's sentence and remanded the case to the District Court for resentencing. See **United States V. Dyer,** Appeal No: 99-30 740 (5th Cir. 1999). On remand, the district court departed upward, and sentenced Dyer to 400 Months, after concluding that his criminal history score under-represented his criminal past. The Fifth Circuit affirmed his conviction and sentence. **United States V. Dyer,** 268 F.3d 1064 (5th Cir. 2001). The defendant pursued other remedies in this Honorable court and other courts without sucess. This instant motion follows:

## STATEMENT REGARDING 18 U.S.C.S. §3582(C)(2) AND 18 U.S.C.S. §3553 (A)

A District Court may modify a defendant's sentence provided by 18 U.S.C.S. §3582(C)(2). Under §3582(C)(2), a court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the United States Sentencing Commission pursuant to 28 U.S.C. §994(o). See **United States V. Pinkston** 2012 U.S.Dist. Lexis 39697 (E.D of LA 2012) **(Decision from the Honorable Ivan R. Lemelle)** (Without objection, defendant Pinkston is deemed eligible for a sentence reduction as a result of Amendment and **Freeman V. U.S.** 131 S.ct. 2685, 180 C.Ed. 2d 519 (2011).

2

Moreover, in addition, §3582(C)(2) requires sentencing courts to consider all applicable §3553(A) factors. These factors provide, (1) The nature and circumstances of the offense and history and characteristics of the defendant: (2) The need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, to provide just punishment, to afford adequate deterrence; or, to protect the public; (3) The kinds of sentences available: (4) The applicable sentencing range under the Guidelines; (5) Any pertinent sentencing Commission policy statments; (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) The need to provide restitution to victims: I.D. See **United States V. Henderson** 636 F.3d 713 (5th Cir. March 24, 2011) (Defendants moved for a sentence reduction under 18 U.S.C. §3582(C)(2). Three district Courts from the U.S.District Court for the W.D. of Louisiana denied defendant's motions. Defendants appealed. District Court's denial of defendant's motions for sentence reduction under 18 U.S.C.S. §3582 were reversed because the District Court did not recognize, and therefore did not satisfy, the requirement that they **reconsider** the 18 U.S.C.S. §3553(A) factors when deciding whether to reduce a sentence in response to a §3582(C)(2) motion).

Additionally, as explained by the Sentencing Commission, Amendment (741) reorganized the text of §1B1.1 to divide the existing sentencing procedure into three steps. The specific language changes to §1B1.1 made by Amendment 741 were relatively minor. First, the amendment made nonmaterial adjustments to the instructions to district courts for determining the correct Guidelines range

3

I.d. Second the Amendment grouped the instructions into three subsections (Subsections) (A) to (C) with nested Paragraphs (1) to (8), rather than listing all instructions in order as subsections A1 to (i). Finally, the amendment added Subsection (C), which per **Booker,** requires the District Court to determine the substantive reasonableness of the sentence by considering "the Applicable factors in 18 U.S.C. §3553(A) **Taken as a whole."** U.S.S.G. §1B1.1(C) The Sentencing Commission also amended the Commentary to §1B1.1 to note that "[S]ubsections (A), (b), and (C) are structured to reflect the three-step process used in determining the particular sentence to be imposed." U.S.S.G. App. C, Vol. III, At §53 (2011).

Therefore, given this relevance, this Honorable Court is "Free" under §3582(C)(2) to consider Amendments (591); (741); under the Supreme Courts holding in **Freeman V. U.S.** 131 S.ct. 2685 (2010).

> IN LIGHT OF AMENDMENT (591) THIS
> HONORABLE COURT CAN CONSIDER
> REDUCING THE DEFENDANT'S SENTENCE
> AND/OR SENTENCING RANGE. SEE
> **U.S. V. McEnry, 2011 U.S. App.**
> **Lexis 20723 (9th Cir. 2011).**

U.S. Sentencing Guidelines manual Sec. 1B1.10(A) Amendment **(591)** is listed as an amendment covered by the policy statements in the U.S. Sentencing Guidelines manual Sec. 1B1.10(C) (2011). Moreover, U.S. Sentencing Guidelines Manual App. C. Amend **(591)**, modifies certain guidelines provision to require that the offense guideline be based on the offense of conviction, **rather than "relevant conduct."** I.D. Furthermore, **(591)** effective November

1, 2009 retroactively lowers the sentencing range applicable to defendants and modified certain guidelines provisions to require that the offense guidelines be based on the offense of conviction, rather than relevant conduct I.D.

However, prior to Amendment **(591)**, a court could consider actual (i.e., relevant conduct) when selecting the applicable offense guideline section. This Amendment (591) further requires that only a finding on the <u>"Statute" or</u> (offense) of Conviction <u>rather than on judicial findings of actual conduct.)</u> Finally, Amendment (591) was intended to "emphasize that the sentencing court must apply the offense guideline referenced in the Statutory index....[at the back of the sentencing guideline manual] for the statute of conviction". I.d.

In the instant caes, as mentioned earlier subsequent to the plea, the government alleged that it had information that the defendant had been involved in two murders, a hearing was held, and on June 24, 1999, the judge decided that the murders were "relevant conduct" and sentenced the defendant to 480 months in the custody of the Bureau of Prisons, to be followed by a term of supervised release of five years. On appeal, the Fifth Circuit courts of Appeals vacated the sentence and remanded for resentencing, holding that the murders were not "relevant conduct." <u>United States V. Dyer</u>, No: 99-30740 (5th Cir. 1999, un published opinion.)

Resentencing was on October 18, 2000, after legal arguments by counsel. This time the defendant was sentenced to 400 months in the custody of the Bureau of Prisons, to be followed by a term of supervised release of Five years. However. the trial judge

5

imposition of the above sentence was based on this (time), that the murders were" prior similar adult criminal conduct not resulting in a criminal conviction" (R.V.2. at 40). This Honorable Court further acknowledged that the original guidelines suggested a sentence of 110 to 137 months, but recounted the defendant's prior convictions and arrests --- which never included the murders under discussion and made a finding that the criminal history category did not adequately reflect the seriousness of the defendant's past criminal conduct, or the likelihood that he would commit other crimes. Cross-referencing the U.S.S.G. 2A1.1 guidlines for murder, the judge determined that the sentence should be between 360 months and the maximum allowed under the statute of convictions, i.e 480 months. This court further concluded that anything less than 400 months would be inadequte, and sentenced the defendant accordingly (R.V. 2 at 50).

Given that this Honorable Court made a factual finding of the defendant's involvement in the murders, a finding of participation in even if not actually committing the murders, then the question remains (now), how should this Honorable Court take this participation into account in light of amendments (591)(¶741) and **Freeman,** in which was not in effect during the defendant's (First) are (Second) Sentencing Hearings.

This Honorable Court used two rationales during the defendants sentencing: A Cross-referencing to the murder guidlines of U.S.S.G. 2A1.1, as thought authorized by U.S.S.G. 2D1.1(d)(1), and secondly,

---

(1) The Fifth Circuit court of Appeals has adopted the Ninth Circuit Courts "test" in other decisions. See **Roland V. Green** 675 **F.3d 503 (5th Cir. March 19, 2012)** (Therefore, we adopt the Ninth Circuits test.)

a reference to U.S.S.G. 4A1.3(e), the existence of "prior similar adult criminal conduct not resulting in a criminal conviction" and unaccounted for by the traditional computation of criminal history categories.

The **First** method is inconsistant to Amendment (591), because U.S.S.G. 2D1.1 is the guideline for the crime with which the defendant was charged: conspiracy to distribute heroin. The base offense level is specified as a level 43 or level 38 under certain circumstances circumstances if death resulted from the use of the substance distributed; otherwise, the level in general is set in the drug quantity table. While U.S.S.G. 2D1.1(d)(1) contains a cross-reference to the murder guidelines, it is non-sensical to suggest that the cross-reference is intended to apply regardless of whether the murder was committed as "relevant conduct," relevant to the scheme detailed in the indictment. However the Fifth Circuit court of appeals determined that the murders, based on the evidence presented, were not "relevant conduct", the government chose to present no further evidence, and thus the murders should not still be considered "relevant conduct" justifying a cross-reference under U.S.S.G. 2D1.1(d)(1). Adopting that approach was wrong in 1999, and still remains until (now).

The **Second** approach referred to by this honorable Court was a finding under 4A1.3(e) that the defendant's criminal history category did not adequately reflect his past behavior, because the murders were "prior similar adult criminal conduct not resulting in a criminal conviction". (R.U. 2 at 40). However as shown previously, in the presentence investigation and enumerated by this Honorable Court during sentencing, the defendant's prior

7

adjudicated conduct consisted of two crimes of possession of crack cocaine, a forgery, and two simple escape. The murders were not "prior similar adult criminal conduct," in that they were not at all similar either to the defendants past record, or his current charges. Having said this, it is acknowledged that U.S.S.G. 4A1.3 does not give an exhaustive list of reasons why a criminal history category may be deemed unreliable. The question then is what this Honorable Court should do now when it determined that the criminal history category did not adequately reflect the defendants background. See <u>See United States .V. Maschino</u> **2012 U.S. App. Lexis 20986 (10th Cir. 2012)** (Resentencing was required on upward departure by District Court pursuant to §4A1.3(A)(4)(B).... §4a1.3 pertains to upward departures from advisory Guidelines sentences, allows consideration of prior similar adult criminal conduct not resulting in a criminal conviction, §4A1.3(A)(2)(E), <u>but prohibits</u> consideration of a prior arrest record itself for purposes of an upward departure, §4A1.3(A)(3).) A compromise thus must be drawn between sentencing the defendant, because his sentencing range was calculated in a way that Amendment **(591)** retroactively prohibits and that sec. 3582(C)(2) provides a basis for such reduction **(connected)** with the circumstances in this motion. Specifically, the defendant alleges that the court selected an offense guideline based not on the offense conviction, but on conduct never in the indictment are plead to by the defendant.

(1) In a similar recent case from the Ninth Circuit court of Appeals, <u>United States V. McEnry,</u> **2011 U.S. App. Lexis 20723 (9th Cir. 2011),** where the court vacated the sentence and remanded

8

for re-sentencing in light of Amendment (591), and held:

> "Courts should use the guideline most appropriate for the nature of the offense conduct charged in the court of which the defendant was convicted....A district court cannot consider relevant but uncharged conduct at this stage of the guidelines process...Amendment (591) effective Nov, 1, 2000, U.S. Sentencing Guidelines Manual Appx.G. para. 591, which was intended to emphasize that sentencing courts must apply the offense guideline referenced in the statutory Index...when deciding which U.S. Sentencing guideline to apply, A district court must determine the guideline section in Chapter two (offense conduct) applicable to the offense of conviction (i.e. the offense conduct charged in the court of the indictment or information of which the defendant was convicted....The United States Court of Appeals for the Ninth Circuit has previously emphasized that it is not the defendant's underlying relevant conduct, but the crime of conviction, that governs the selection of the appropriate guideline section. Thus, a District court may not use relveant conduct to select whatever guideline it wants. I.d.

The Ninth Circuit court of appeals in **McEnry, vacated** the sentence and remanded for re-sentencing under the correct guideline I.d. However, as recently held by the Ninth Circuit court of appeals, applying Amendment (591), the defendant contends that this holding and relevant amendment can reduce the defendant's previous sentence and/or sentencing range. Moreover, the defendant contends the "cross-reference" used in this case is further subject to revisiting and/or reconsideration. See **United States V. Thomas, 280 F.3d 1149 (7th Cir. 2002)** (The District court's decision to apply the homicide cross reference for first degree murder was based on insufficient findings). And **United States V. Thompson 286 F.3d 950 (7th Cir. 2002)** (The Appellate Court determined that the district court erred by applying the first degree murder guideline, U.S. Sentencing Guidelines Manual §2A1.1, to two defendant's under the drug offense-murder cross reference, U.S. Sentencing Guidelines Manual §2D1.1(d)(1).

Therefore, the defendant contends that because Amendment (591) effectively eliminates the relevant conduct that was previously used in this instant case to give the defendant 400 months, and the offense guideline was not based on the offense of conviction, rather an alleged relevant conduct, this Honorable Court should reduce the defendant's sentence consistant with 18 U.S.G.S. §3582(C)(2) and the factors in 18 U.S.C.S. §3553(A), based on all the above. See See United States V. Morillo, 148 F.Supp 2d 84 (1strCir) (18 U.S.C. §3582(C)(2) motion granted on Amendment (591) because sentencing range changed). United States V. Nixon 2012 U.S. App. Lexis 20511 (3rd Cir. 2012) (591 Amendment previously granted and applicable in drug case). Furthermore, in a short unpublished opinion ejecting a petition based on Amendment 591, Judge Friedman wrote that, "[t]he court is not convinced, from its review of Amendment 591, that it constitutes a lowering of a sentencing range States V. McLaughlin, No: 96-0045, 2007 U.S. Dist. Lexis 44042, 2007 WL 1794098, a note (D.D.C. June 19, 2007). Judge Oberdorfer, however, found in another short, unpublished opinion that "[w]here a sentencing court has failed to comply with Amendment 591 §3582(C)(2) permits modification of the defendant's sentence Gordon No: 96-0428, 2007 U.S. Dist. Lexis 28148, 2007 WL 114 555, at note 1 (D.D.C. April 17, 2007).

        THE SUPREME COURT HAS CLEARLY GAVE DISTRICT COURT BROAD
        DISCRETION TO REDUCE DEFENDANT'S SENTENCING RANGES
        PURSUANT TO 18 U.S. C. §3582(C)(2). SEE FREEMAN V.
        U.S.   131 S.ct. 2685 (2010).

The Supreme Court clearly held in **Freeman V. United States** 131 S.ct. 2685 (2010), that Section 3582(C)(2) empowers district Judges to correct sentences that depend on frame works that later prove unjustified. There is no reason to deny 3582(C)(2) relief to defendant's who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range " I.d.

## CONCLUSION

Wherefore, the defendant prays this Honorable Court grants his 18 U.S.C. §3582(C)(2) motion and reduce the defendant's sentencing range to an applicable guideline range this Honorable Court deems fit.

## CERTIFICATE OF SERVICE

I Donald.A. Dyer certify that a correct copy of the foregoing was sent to:

    U.S. Attorney's office

    501 Magazine Street Room 210

    New Orleans, Louisiana

    70130

On this **27** day of January 2013.

                                           *Donald A. Dyer*
                                           Donald.A.Dyer
                                           #25959-034
                                           SHU C-LOWER #118
                                           UNITED STATES PENITENTIARY
                                           P.O. BOX 33
                                           TERRE HAUTE, IN. 47808

Donald Dyer #25959-034
SHU C-2 Lower #118
United States Penitentiary
P.O. Box 33
Terre Haute, IN. 47808

"LEGAL MAIL"

INMATE
NOTIFICATION
RETURNED

7012 1640 0001 1942 5032

CERTIFIED MAIL

Clerk of Court
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130