UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL DOCKET**

**VERSUS**                                       **NO. 98-57**

**DONALD DYER**                                  **SECTION "B"(2)**

ORDER

Considering Criminal Defendant Donald Dyer's ("Petitioner") Motion to Reduce Sentence, the Government's opposition, and Petitioner's reply (Rec. Docs. 428, 433, & 434),

**IT IS ORDERED** that the Motion to Reduce Sentence (Rec. Doc. 428) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "motion for supplementation" (Rec. Doc. 435) and "motion to take judicial notice" (Rec. Doc. 437) are **DISMISSED as frivolous.**

Petitioner pleaded guilty to conspiring to possess 100 grams of heroin with intent to distribute in violation of 21 U.S.C. §§ 841 and 846 on March 12, 1998, and the Court sentenced him to imprisonment for a term of 480 months on June 24, 1999. (Rec. Doc. 213). Petitioner appealed that sentence, challenging the Court's assessment of a substantial increase in his base offense level, and the Fifth Circuit vacated on the grounds that there was insufficient evidence to find that certain murders considered during sentencing were "relevant conduct" within the federal

sentencing guidelines and remanded for re-sentencing. (Rec. Doc. 241 at 3). The Court then re-sentenced petitioner to imprisonment for a term of 400 months. (Rec. Doc. 256). Petitioner appealed a second time and the Fifth Circuit affirmed. (Rec. Doc. 266). Roughly a year later Dyer sought and was denied relief under 28 U.S.C. § 2255. (Rec. Doc. 291). He now moves for a reduction in his sentence, contending that U.S.S.G. Amendments 591 and 741 retroactively lowered his sentencing range. (Rec. Doc. 428). Each contention lacks merit.

Petitioner contends that the Court based an upward departure on U.S.S.G. § 2A1.1 and that such departures were altered by Amendment 591. (Rec. Doc. 428 at 6). He is incorrect, however, in asserting that the Court based its departure on section 2A1.1. Said departure was based on U.S.S.G. 4A1.3, as the Fifth Circuit already noted in Petitioner's second appeal. (Rec. Doc. 266 at 6, n.3).

Petitioner's reliance on U.S.S.G. Amendment 741 is also mistaken. That amendment made "relatively minor" changes to U.S.S.G. § 1B1.1. *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005-06 (9th Cir. 2012). Those minor changes were essentially procedural and made "non-material adjustments" to the instructions for determining the correct Guidelines range, grouped the instructions into three rather than five subsections, and added subsection (c), which directs courts to consider all "applicable factors" in 18 U.S.C. § 3553. *Id*. Such alterations offer no grounds for reducing Petitioner's sentence. Moreover, Amendment

741 was not in place at the time of Petitioner's conviction and "has not been made retroactively applicable." *United States v. Contreras*, 452 F. App'x 538, 542 (5th Cir. 2011); *see also United States v. Randall*, 440 Fed. Appx. 283 , 288 n. 6 (5th Cir. 2011) ("Amendment 741, became effective after the date of Randall's sentence and has not been made retroactively applicable.") Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Reduce Sentence is **DENIED**. (Rec. Doc. 428).

**IT IS FURTHER ORDERED** that Petitioner's "motion for supplementation" (Rec. Doc. 435) and "Motion to take judicial notice" (Rec. Doc. 437) are **DISMISSED as frivolous.**

New Orleans, Louisiana, this 27th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE