IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DICTRICT OF LOUISIANA



**DONALD DYER**
**Defendant,**

No:98-57
Section "B"(2)

**vs**

**UNITED STATES OF AMERCIA**
**Respondent,**

TENDERED FOR FILING

OCT 29 2015

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**MOTION PURSUANT TO 18 U.S.C.3582(c)(2) FOR A REDUCTION IN A TERM OF IMPRISONMENT BASED ON AMENDMENT(782), CONNECTED WITH <u>REVISITING</u> THE DFEFENDANT'S PREVIOUS AMENDMENT (591) CONSDIERATION. SEE <u>U.S.v CANNION</u> 2015 U.S.APP.LEXIS 1189(11th cir.Jan.27,2015);<u>HASSAN v JOHNSON</u> 2015 U.S.DIST.LEXIS 20618(W.D. of VA, FEB.20,2015) AND THE <u>PRESERVED</u> AND <u>UNIQUE</u> CIRCUMSTANCES THIS CASE REPRESENTS SUPPORTING A LOWER SENTENCING RANGE CONSISTENT WITH THE 18 U.S.C.SECTION 3553(A)FACTORS.**

**COMES NOW,** the defendant Donald Dyer respectfully moves this Honorable court to finally modify his term of imprisonment pursuant to **18 U.S.C.S. 3582(c)(2)** based on Amendment **(782)** connected with **Revisiting** the defendant's previous Amendment **(591)** consideration, See **<u>U.S.v Cannion</u>** 2015 U.S. App. Lexis 1189(11th cir. Jan 27,2015); **<u>Hassan v Johnson</u>** 2015 U.S. Dist. Lexis 20618(W.D. of VA,Feb.20,2015) and the

1



**preserved** and **unique** circumstances this case represents supporting a lower sentencing range consistent with the **18 U.S.C. section 3553(a)** factors and good cause is shown below:

## STATEMENT OF PROCEDURAL HISTORY

The defendant pleaded guilty to conspiring to possess **100 grams of heroin** with intent to distribute in violation of 21 U.S.C. section 841 and 846 on March 12,1998, and this Court sentenced the defendant to imprisonment for a term of 480 months on June 24,1999.(Rec. Doc.213). The defendant appealed that sentence, challenging the Court's assessment of a substantial increase in his base offense level, and the Fifth Circuit Court of Appeals vacated on the grounds that there was insufficient evidence to find that certain murders considered during sentencing were "relevant conduct" within the federal sentencing guidelines and remanded for re-sentencing.(Rec.Doc.241 at 3).This court then re-sentence the defendant to imprisonment for a term of 400 months.(Rec.Doc.256).The defendant appealed a second time and the Fifth Circuit Court of Appeals affirmed.(Rec.Doc.266).The defendant was further unsuccessful during 2255 and 2241 proceedings, Moreover the defendant moved under 18 U.S.C.S. 3582 motions without success, this matter now comes before this court.

STATEMENT REGARDING THIS HONORABLE COURT'S JURISDICTION AND/OR RELIEF TO GIVE THE DEFENDANT UNDER 18 U.S.C.SECTION 3582(c)(2) AND 18 U.S.C.SECTION 3553(a) PURSUANT TO FIFTH CIRCUIT PRECEDENT.

Under **18 U.S.C. section 3582(c )(2)**, a court may modify a sentence in the case of a defendant who has been sentenced to a term of imprisonment based on sentencing range that has been subsequently lowered is such a reduction is consistent with the applicable policy statements issued by the sentencing commission, However the Fifth Circuit court of Appeals has been making sure the lower courts consider such motions and **apply** **all** the **18 U.S.C. 3553(a) factors** in each case. See **United States v Briscoe 2015 Lexis 520(5th cir.2015);(The United States Courts of Appeals for the Fifth Circuit reviews a district court's order sua sponte denying relief under 3582(c)(2) for abuse of discretion. A court abuses its discretion when the court makes an error of the law or bases its decision on a clearly erroneous assessment of the evidence. The district courts factual findings are reviewed for clear error, while a legal determination regarding the application of the sentencing guidelines are reviewed de novo, sentenced was VACATED and REMANDED).**

The Fifth Circuit Court of Appeals further has **capitalized** on the lower courts **not** applying the **18 U.S.C. section 3553(a)** factors. See **United States v Muller 168 F.3d 186(5th cir.1999)(The court Vacated and Remanded Appellant's sentence...In making the decision as to reducing the imprisonment; 18 U.S.C.S section 3582(c)(2), provides for consideration of the factors set forth in 18 U.S.C. section 3553(a)); United States v Henderson 636 F.3d 713(5th cir.2011)(Under 18 U.S.C. 3582(c)(2) motions, were reversed because the district courts did not recognize; and therefore**

did not satisfy, the requirement that they reconsider the 18 U.S.C.S. 3553(a) factors when deciding whether to reduce a sentence in response to a 3582(c)(2) motion. The cases had to be remanded for revaluation of the motions.); Also see United States v Clay No:14:60283(5<sup>th</sup>cir.2015)(Remanded for re-sentencing district court abused its discretion in considering the 3553(a) factors);United States v Briscoe 2015 U.S. App.Lexis 520(5th cir.2015)(a two-step analysis applies in the proceedings under 18 U.S.C.S. 3582(c)(2)...The District court must first determine the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time of the initial sentencing. If the defendant is eligible for a sentence modification, the district court must then consider any applicable factors under 18 U.S.C.S. 3553(a) to determine whether a modification is warranted),and lastly, the Supreme Court has clarified in Peugh v United States 133 S.ct.2072,186 L.Ed.2d 84(2013)(A district court should begin all sentencing proceedings by correctly calculating the applicable U.S. Sentencing Guidelines Manual range. As a matter of administration and to secure nationwide consistency, the guidelines should be the starting point and the initial benchmark. The district court must then consider the arguments of the parties and factors set forth in 18 U.S.C.S.3553(a).The district court may not presume that the Guidelines range is reasonable, and it may in appropriate cases impose a non-guidelines sentence based on disagreement with the sentencing commissioner's views).

Therefore, this Honorable Court can invoke its discretion to consider all herein under 18 U.S.C.S. section 3582(c)(2) and 18 U.S.C.S. section 3553(a) in giving the defendant a reduction in his term of imprisonment on the singular and unique circumstances this

case represents, and a final disposition *should not be silent* on *all* the **18 U.S.C.S** section

**3553(a) factors** in this proceedings as shown above.


## STATEMENT REFLECTING AMENDMENT (782) APPLICABLE TO THE DEFENDANT


**Amendment(782)** became immediately effective for defendant's sentenced on or after

November 1, 2014, for defendant's who were sentenced prior to the effective date,

Amendment **(782)** does not have retroactive effect until November 2015. U.S. Sentencing

Guidelines Manual **1B1.10(e)(1)(2014). A district court may accept motions for**

**retroactive application prior to November 1, 2015, provided that any potential**

**sentencing reduction not take effect until November 2015. U.S. Sentencing**

**Guidelines Manual 1B1.10, cmt, application n.6.** Moreover Amendment **(782),**

amended 2D1.1(c) by striking paragraph (17); by re-designating paragraphs(1) through

(16) as paragraphs(2) through(17), respectively; and by inserting before paragraphs(2)(as

redesignated) the following New paragragh(1) Relevant to the defendant is the following:

"....(8) M at least 100 G but less than 400 G of heroin; Level 24"

The defendant entered a plea of guilty to *One hundred grams of heroin* making his

**amended Level** to be **24** for the *100 G of heroin pled to in this case.,* However this

Honorable Court previously held that the defendant's *original* guidelines for the

defendant's *heroin conspiracy* conviction would give the defendant a sentence of **110 to**

**137 months,** but after other circumstances and at the defendant's re-sentencing this

Honorable Court relied on a U.S.S.G. section **4A1.3(e)** enhancement which the defendant

ended with a sentence of **400** months.   However recent developments reflecting **Amendment 782** and intervening changes of law in a **18 U.S.C.S Section 3582(c)(2)** context has occurred that gives this Honorable Court discretion to finally reduce the defendant's sentence more is shown below.

> **THE DEFENANT REMINES THIS HONORABLE COURT OF THE FACTORS LISTED IN 18 U.S.C.S. SECTION 3553(a) THAT THE FIFTH CIRCUIT COURT OF APPEALS REQUIRES <u>MAN-DATORY</u> IN 18 U.S.C.S. SECTION 3582(C)(2) PROCEEDINGS.**

Under **18 U.S.C. Section 3553(a)**, the Court shall impose a sentence sufficient but not greater than necessary to comply with purposes set forth in paragraph(2) of this subsection. The Court in determining the particular sentence to be imposed shall consider:

(1) **the nature and circumstances of the offense and the history and characteristics of the defendant;**

(2) **the need for the sentence imposed;**

(A) **to reflect the serious of the offense, to promote respect for the law , and to provide just punishment for the offense;**

(B) **to afford adequate deterrence to criminal conduct;**

(C) **to protect the public from further crime of the defendant; and**

(D) **To provide the defendant with needed educational or vocational training, medical care; or other correctional treatment in the most effective manner;**

(3) <u>**The kinds of sentences available;**</u>

(4)<u>**The applicable sentencing range under the guidelines;**</u>

(5) <u>**Any pertinent sentencing commission policy statements;**</u>

**(6) The need to avoid unwarranted sentence disparities among defendant's with similar records who have been found guilty of similar conduct,...**

However, as shown earlier the Fifth Circuit Court Of Appeals has required strict compliance with these factors, therefore this Honorable Court *must* consider all these factors in **Adjudicating** the defendant's **3582** motion more is discussed below.

STATEMENT REFLECTING THIS HONORABLE COURT TO REVISIT AND/OR RECONSIDER IT'S PREVIOUS HOLDING ON THE DEFENDANT'S AMENDMENT (591) CONSIDERATION CONSISTENT WITH THE 3553(a) FACTORS WHERE INTER-VENING CURRENT LAW CAN REQUIRE A REDUCTION DESPITE A (4A1.3) ENHANCEMENT IN A 18 U.C.S. SECTION 3582(c)(2) CONTEXT.

The defendant respectfully brings to this Honorable Courts the attention and consideration of his **Amendment 591** disposition that intervening current law can require a reduction despite a **(4A1.3)** enhancement in a 18 U.S.C. Section **3582(c)(2)** context, Notably this Court previous relied on the following denying the defendant's **Amendment 591** consideration

: *"Petitioner contends that the Court based an upward departure on U.S.S.G. Section 2A1.1 and that such departure were altered by amendment 591...He is incorrect, however, in asserting that the court based its departure on section 2A1.1. Said departure was based on U.S.S.G 4A1.3, as the Fifth Circuit already noted in Petitioner's second appeal.."* ...*See* (This courts order dated March 2014 denying the Defendant's Amendment 591 consideration). However, *despite* a (4A1.3) enhancement courts have still been giving reductions in **18 U.S.C. Section 3582** motions. **See United**

7

States v Cannion 2015 U.S.App.Lexis 1189(11th cir. Jan 27,2015)(In denying Cannion's motion district court determined that Amendment 750 did not have the effect of lowering his guideline range because, solely as a result of the Upward Departure under section 4A1.3," Cannion's 292-month sentence was not derived from the amount of cocaine base for which he was responsible" Because the district court erred in finding Cannion ineligible for a sentence reduction based on the section 4A1.3 Departure, we Reversed and Remand).Also See Hassan v Johnson 2015 U.S. Dist. Lexis 20618 (W.D. of VA. Feb.20,2015)(The government moved for an upward departure under U.S.S.G. Section 4A1.3, arguing that Jones' criminal history category substantially under-represented the seriousness of his criminal history and the likelihood that he would commit other crimes ...Jone's life has considerably brightened since he was sentenced to spend the rest of it in prison. Now 45 years old, he has already served 110 months for his federal crimes...For these reasons while the motions for sentence reduction are GRANTED,, a proportionate reduction to mid-range sentence...);United States v Davis 2015 U.S. Dist. Lexis 83727(W.D. of Va June 29,2015)(The sentencing judge found that the Criminal History Category of VI did not adequately reflect the seriousness of Davis's criminal history, however, and departed upward pursuant to USSG Section 4A1.3...For these reasons, I conclude that a reduction is appropriate in this case. Davis requests a sentence of 120 months, the statutory mandatory minimum sentence, which would result in a sentence of time served a proportionate reduction from Davis's 480-month sentence based on the new guideline range of 120 to 125 months would yield a term of 400 months. Based on the competing factors in this case, and considering

the section 3553(a) factors as well as Davis's post-sentencing conduct, I find that a term of 265 month is appropriate).;United States v Vasquez 2015 U.S. Dist.Lexis 28304(N. D. of Iowa March 9,2015)(At the defendant's sentencing, the court relied on USSG Section 4A1.3 to depart upward to criminal history category IV. Here, a guideline range of 240 to 293 months imprisonment is reached after USSG section 4A1.3 is applied...The reduced sentence of 240 months imprisonment on count 1 and count 2 of the superseding indictment is within the amended guideline range);Also see the same with *upward departures* from 4A1.3 and *reductions in sentences* that followed in a 18 U.S.C.S 3582 proceedings. United States v Abrego 2015 U.S. Dist. Lexis 28307 (N.D. of Iowa 2015)(same);United States v Macinnis 2015 U.S. Dist. Lexis 26934(N.D. of Iowa 2015)(same);United States v Brewer 2015 U.S. Dist. Lexis 23263(N.D. of Iowa 2015)(same); and United States v Murphy 2015 U.S.Dist. Lexis 23266(N.D. of Iowa 2015)(same). However, consistent with the defendant's previous reliance on his **Amendment 591** challenge, the defendant requests this Honorable Court to *revisit* and/or *reconsider* it's previous holding on the defendant's Amendment 591 consideration.  See United States v Kupfer 2015 U.S. App.Lexis 14582(10th cir Aug..2015)(Mr. Kupfer argues the court erred by considering these facts when selecting the applicable provision. We agree... Under Amendment 591, a district court may consider other relevant conduct later in the guideline-calculation process, *but not when selecting the offense of conviction*.. But we reverse and remand on the sentence with instructions to the  district court to vacate the sentence and re-sentence Mr. Kupfer by (1) identifying the offense level rather than the other base offense level and(2) removing the enhancement for the previous guideline

sentence..). Therefore this Honorable Court can clearly consider the defendant's reduction *despite* the U.S.S.G. 4A1.3 upward departure that's further in **Direct-conflict** with **Amendment 591** connected with his reduction under **Amendment 782** consistent with the **3553(a) factors.**

## THE DEFENDANT HAS SHOWN EFFORTS TOWARDS REHABILITAION AND HAVE RECEIVED HIS (G.E.D.) DIPLOMANA WHILE INCARCERATED.

Since the defendant's departure from this Honorable Court the defendant has made **efforts** towards rehabilitation while incarcerated. The defendant has been taking courses in which were available to him to rehabilitate himself. See **exhibit (ᴬ)(Certificates the Defendant received).** Moreover, the defendant has received his **(G.E.D Diploma)** See exhibit(ᴮ).Therefore, the defendant further requests consideration of the above under the 18 U.S.C.C. Section 3553(a) factors in reducing his sentence. See <u>Gall v United States</u> **128 S.ct. 586(2008)("The Supreme Court quite reasonably attached great weight to the fact that on his own initiative to change his life. This lends strong support to the district courts conclusion that <u>Gall</u> is not going to return to criminal behavior and is not a danger to society. See 18 U.S.C.S. section 3553(a)).**Therefore the defendant further request consideration of the above under the 3553(a) factors.

ADDITIONALLY THE DEFENDANT REQUESTS THIS HONORABLE COURT TO INVOKE IT'S(INHERENT AUTHORITY) AND CONSIDER A REDUCTION IN THE DEFENDANT'S TERM OF IMPRISONMENT WITH RECONSIDERA-TION OF HIS AMENDMENT (591) CHALLENGE CONNECTED WITH HIS AMENDMENT (782) CONSIDERATION.

The defendant respectfully requests this Honorable Court has traditionally had the equitable power to fashion any remedy necessary and appropriate to do justice in a particular case. See **Pearl River Navigation Inc. v Im Perial Petroleum, Inc.** 2008 U.S. Dist.Lexis 55357( E.D. of La.2008)(Courts possess the **Inherent Authority** to enforce their own injunctive decrees). Also see **Hecht Co.v Bowls** 321, 329(1944)('An appeal to equity jurisdiction conferred on Federal District Courts is an Appeal to the sound discretion which guides the determinations of courts inequity...Flexibility rather than rigidity had distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and conciliation between the public interests and private needs...**Such powers can be invoked in any matter over which the court clearly has jurisdiction, or in any ancillary matter, or in any case in which the courts jurisdiction is arguable and has not yet been decided"**).

Therefore in the interest of justice. The defendant further requests this Honorable Court to invoke its (**Equity Powers**) in this **18 U.S.C.S. 3582(c) (2)** proceeding under the **18 U.S.C.S. 3553(a)** factors and consider all the **Preserved** and **Unique** circumstances this proceedings reflects in light of **Amendment 782** connected with reconsideration of the defendants **Amendment 591** argument previously brought before this Court consistent with the **3553(a)** factors, as discussed next herein..

11

THE DEFENDANT RESPECTFULLY REQUEST A MODIFICATION OF HIS TERM OF IMPRISONMENT ON AMENDMENT (782) CONNECTED WITH REVISITING IT'S PREVIOUS OPINION RELFECTING THE DEFENDANT'S AMENDMENT (591) CHALLENGE. SEE. <u>U.S. v CANNION</u> 2015 U.S.APP.LEXIS 1189(11TH cir. Jan 27,2015);<u>HASSAN V JOHNSON</u> 2015 U.S.DIST.LEXIS 20618 (W.D. of VA. Feb 20, 2015) AND THE <u>PRESERVED</u> AND <u>UNIQUE</u> CIRCUMST-ANCES THIS CASE REPRESENTS.

The defendant contends that in the interest of justice, he should be finally entitled to a reduction of his term of imprisonment and a **Amended** sentencing range is appropriate due to the history of this case; the preserved and unique circumstances in this case applicable to amendments listed in the guidelines; and the intervening changes in the drug laws criticized by congress and and the Obama administrative.

**FIRST,** Amendment (782) reduces the defendant's *original* sentencing range(with-out the murders being used) from **(110 to 137)** months to an *amended lower* sentencing range because in the wake of **Amendment 782,** However the *now* Drug Offense Level for the defendant's amount of drugs he's accountable for is ."..*M at least 100G but less than 400G of heroin",* in which is a **Level 24.**

**Second,** The defendant filed a **18 U.S.C.S 3582(c)(2),** motion requesting consideration of **Amendment 591** and other circumstances, however this Court previously relied solely on the following:*" Petitioner contends that the Court based an upward departure on U.S.S.G. section 2A1.1 and that such departures were altered by Amendment 591.(Rec.Doc.428 at 6). He is incorrect, however, in asserting that the Court based its departure on section 2A1.1 Said departure was based on U.S.S.G. 4A1.3, as the Fifth Circuit already noted in Petitioner's second appeal.(Rec.Doc.266 at 6,n.3)*

12

However, the defendant strongly contends that *despite his 4A1.3(e) enhan*cement this court  still had discretion to consider his **Amendment 591** consideration and  have discretion to consider his **Amendment 782** challenge in a 18 **U.S.C.S. 3582** proceedings. See <u>United States v Cannion</u> 2015 U.S. App. Lexis 1189(11th cir.Jan.27,2015) (In Denying Cannion's motion the district court determined that Amendment 750 <u>did</u> <u>not have the effect of lowering his guideline range because, solely as a result of the</u> <u>Upward Departure under section 4A1.3,"</u> Cannion's 292-month sentence was not derived from the amount of cocaine base for which he was responsible", Because the district court erred in finding Cannion ineligible for a sentence reduction based on the section 4A1.3 departure, we <u>reverse</u> and <u>remand</u>). Also see <u>Hassan v. Johnson</u> 2015 U.S. Dist. Lexis 20618(W. D. of VA Feb. 20,2015)(Based on Jone's extensive criminal history and the seriousness of the offense conduct, I will reduce Jone's sentence proportionally within the new guideline range of 120 to 150 months, to 134 months... <u>The government moved for an upward departure under U.S.S.G. section</u> <u>4A1.3,</u> arguing that Jone's criminal history category substantially under-represented the seriousness of his criminal history and the likelihood that he would commit other crimes...Jone's life has considerably brightened since he was sentenced to spend the rest of it in prison. Now 45 years old he has already served 110 months(nine years and two months) for his federal crimes...For these reasons, while the motions for sentence reduction are GRANTED, a proportionate reduction to a mid-range sentence of 134 months is determined to be appropriate). And  as shown earlier, a **4A1.3** upward departure can still require a reduction in a 3582 proceedings. See <u>United States v Davis</u> 2015 U.S. Dist. Lexis 83727(W.D. of VA June

29,2015);United States v Vasquez 2015 U.S. Dist. Lexis 28304(N.D. of Iowa);United States v Abrego 2015 U.S. Dist. Lexis 28307(N.D. of Iowa 2015);United States v Macinnis 20-15 U.S. Dist. Lexis 26934(N.D. of Iowa 2015);United States v Bremer 2015 U.S.Dist. Lexis 23263(N.D. of Iowa 2015); And United States v Murphy 2015 U.S. Dist. Lexis 23266(N.D. of Iowa 2015). As shown earlier in these proceedings, Amendment 591 modified the Sentencing Guidelines to *clarify* that the sentencing court must use the applicable guideline provided in the statutory Index (Appendix A) for the offense conviction. See United States v Boney 769 F.3d 153(3rd cir. 2014)("Under the U.S. Sentencing Guidelines Manual, a court improperly sentenced a defendant for the offense at attempting to murder an informant in retaliation based on obstruction of justice, since the court improperly based the sentence on the court's perception of the facts rather than the offense charged in the indictment which was attempted murder; a sentence for solicitation of the murder was also improper since the sentence was based on obstruction of justice, and under the U.S. Guidelines Manual the sentence could only be based on specified solicitation or solicitation to commit murder, which was the most appropriate guideline sentence Vacated and case remanded for re-sentencing...Amendment 591 modified the Sentencing Guidelines);United States v McEnry 659 F.3d 893(9thcir. 2011)(The United States Court of Appeals for the Ninth Circuit has previously emphasized that it is not the defendant's underlying relevant conduct but the crime of conviction, that governs the selection of the appropriate guideline section ,Thus a district court may not use relevant conduct to select whatever guideline it wants);United States v Kupfer 2015 U.S. App. Lexis 14582(10th cir.2015)(Mr. Kupfer argues the court erred by

14

considering these facts when selecting the applicable provision we agree...Under Amendment 591 , a district court may consider other relevant conduct later in the guideline calculation process, but not when selecting the offense of conviction...but we reversed and remand on the sentence with instructions to the district court to vacate the sentence and resentence Mr. Kupfer by (1) identifying the offense level under section 2B1.1 rather than section 2C1.1, and (2) removing the enhancement for obstruction of justice). However **Amendment 591** is appropriate in this case for such reduction, See **United States v Nixon** 2012 U.S. App. Lexis 2015(3rd. cir.2012)(591 Amendment previously granted and applicable in 21 U.S.C. Section 841 drug case),connected with the defendant's **Amendment 782** consideration.

And **Third,** This Honorable Court is fully aware of all the **Preserved** circumstances **Argued** and **Briefed** at the defendant's re-sentencing hearing reflecting a **Apprendi v Jersey** 530 U.S 466,459(200) Issue; a **Ex Post Facto Issue**; and other circumstances the defendant was seeking to received a lower sentencing range is *now* supported by the Supreme Court's holding in **Peugh v United States** 133 S.ct 2072, 186 L.Ed.2d 84(2013), See (**Re-Sentencing Hearing**) in the above case. However, the defendant respectfully request *additionally* the **Peugh** holding be further considered under the 3553(a) factors in this proceedings. See **United States v King** 2013 U.S. Dist. Lexis 109397(N.D. of ILL.2013)(Applying the **Peugh** decision in a 3582 proceeding). Therefore, based upon all the above the defendant respectfully prays and leaves a *amended* Guideline range in this Honorable Court hands on **Amendment 782** and in the alternative reconsideration of the defendant's **Amendment 591** challenge to consider the appropriate term of imprisonment for the defendant.

## <u>CERTIFICATE OF SERVICE</u>

I, DONALD DYER CERTIFY THAT I SERVED A COPY OF THE FORGOING

UPON THE:  U.S. ATTORNEY'S OFFICE  AT:

U.S. ATTORNEY'S OFFICE

501 Magazine St. Room #210

New Orleans, LA. 70130

ON  THIS 26 DAY OF OCTOBER  2015.

DONALD A.DYER
#25959-034
*Donald A. Dyer*
#25959-034
F-Unit #201
FEDERAL CORRECTIONAL COMPLEX
USP COLEMAN #1
P.O. Box 1033
COLEMAN, FL. 33521

16

This envelope is made from post-consumer waste. Please recycle – again.



**PR**
**★1**

UNITED STATES POSTAL SERVICE®

1000    70130

DATE OF DELIVERY SPECIFIED*  

USPS TRACKING™ INCLUDED*  

INSURANCE INCLUDED*  

PICKUP AVAILABLE  

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE R------

P S 0 0 0 0 1 0 0 0 0 1 4

UNITED STATES POSTAL SERVICE®

**USPS TRACKING #**

9114 9012 3080 1329 6015 89

Label 400  Jan. 2013
7690-16-000-7948

EP14F July 2013
OD: 12.5 x 9.5

U.S. POSTAGE
PAID
COLEMAN, FL
33521
OCT 27 15
**AMOUNT**
**$0.00**
R2305H130354-09

FROM: Donald Dyer #25959-034
F-201
FEDERAL CORRECTIONAL COMPLEX
USP COLEMAN #1
P.O. Box 1033
COLEMAN, FL 33521

TO:

CLERK'S OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LA. 70130

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a