UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                       CRIMINAL ACTION

VERSUS                                         NO. 98-057

DONALD DYER                                    SECTION: "B"

ORDER AND REASONS

Considering defendant Donald Dyer's Moton for Compassionate Release (Rec. Doc. 493), the government's response (Rec. Doc. 503), and defendant's reply (Rec. Doc. 504),

**IT IS ORDERED** that the motion (Rec. Doc. 493) is **DENIED**.

A motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) may be granted only if filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." 18 U.S.C. § 3582(c)(1)(A). If the defendant can show that he exhausted all administrative remedies, the court considers relevant factors set out in 18 U.S.C. § 3553(a)[1], and may reduce the defendant's term of imprisonment upon a finding that "(i)

---

[1] The relevant factors to consider under §3553(a) are: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence to reflect the severity of the crime, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed education, training, and medical care; 3) other pertinent policy statements from the Sentencing Commission; 4) the need to avoid unwarranted disparities among like defendant; and 5) the need for restitution. 18 U.S.C. § 3553(a).

1

extraordinary and compelling reasons warrant such a reduction" and "(ii). . .such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission issued relevant guidance describing circumstances that constitute "extraordinary and compelling reasons" to reduce a sentence: 1) medical condition(s) of the defendant, 2) age of the defendant, 3) family circumstances, or 4) other reasons as determined by the Director of BOP. *Reduction in Term of Imprisonment Under 18 U.S.C. §3582(c)(1)(A) (2018),* U.S. SENTENCING COMMISSION, § 1B1.13.

Where the defendant seeks compassionate release on the basis of his underlying medical conditions, "extraordinary and compelling" reasons exist when the defendant, who does not pose a danger to the community, is suffering from a terminal illness[2], a serious physical or medical condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of age that substantially diminishes the defendant's ability to provide self-care. *United States v. Henderson*, No. 11-271, 2020 WL 2850150, at *2 (E.D. La. June 2, 2020) (Milazzo, J.) (citing U.S.S.G. 1B1.13).

At the time of his motion for compassionate release, defendant was fifty-two years old and serving a 320 months sentence in Yazoo

---

[2] The Sentencing Commission included the following examples of a "terminal illness": metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. *See* U.S.S.G. 1B1.13.

City Medium FCI after pleading guilty to participating in a conspiracy to possess with intent to distribute heroin. Defendant has served twenty-two years of his sentence and is projected to be released on April 21, 2022. Defendant has a lengthy criminal history—including violent crimes—dating back to his youth. He also has a lengthy history of disciplinary infractions while in prison. As recently as 2018, he has been disciplined for multiple infractions including fighting with other inmates, possessing unauthorized items, and drug use.

Although defendant exhausted his administrative remedies, he nevertheless failed to establish eligibility for a sentence reduction. Defendant filed a request for compassionate release on July 21, 2020 and was denied relief on August 16, 2020. Rec. Doc. 493 at 4-6. He subsequently filed the instant motion on August 31, 2021. Defendant asserts he has a history of "chronic asthma," but fails to detail the nature of his condition and whether he faces a "significantly higher risk" than the rest of the general inmate population. *See Thompson*, 984 F.3d at 434. Defendant's general fear of COVID-19 and his asthma diagnosis are insufficient to constitute extraordinary and compelling reasons to reduce a sentence. *United States v. Collins*, No. 10-067, 2021 WL 1564410 at *1 (E.D. La. April 20, 2021).

Moreover, defendant has produced no credible medical evidence to support his claim. According to the government, BOP provided

3

copies of defendant's medical records for the last two years and there was no mention of asthma or any other disease or medical condition that constitutes a CDC risk factor for COVID-19. Rec. Doc. 503 at 15. S*ee, e.g.*, *United States v. Michele*, No. CR 13-160, 2020 WL 4676327, at *5 (E.D. La. Aug. 12, 2020) (determining that asthma was not extraordinary and compelling where the defendant's "medical records do not reflect that he has ever been treated for asthma or complained of respiratory problems"); *United States v. Sonnier*, No. CR 14-168, 2020 WL 4601638, at *3 (E.D. La. Aug. 11, 2020) (finding a generalized claim of "asthma and respiratory conditions" insufficient where "the BOP medical records do not reflect that they have manifested while [the defendant] has been in BOP custody.").

Considering the aforementioned § 3553(a) factors and defendant's lack of evidence demonstrating an extraordinary and compelling reason to reduce his sentence, a release at this time has not been shown to promote respect for laws and afford adequate deterrence to criminal conduct.

New Orleans, Louisiana this 7th day of June, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

4